10-1245-cv
Thompson v. Astrue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                      *Circuit Judges*.

_____

MICHAEL J. THOMPSON, GORDON THOMPSON, as executor of the Estate of MICHAEL J. THOMPSON, deceased,

                              *Plaintiff-Appellant*,

            -v-                                          10-1245-cv

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,[1]

                              *Appellee*.

_____

Appearing for Appellant:     Carolyn Kubitschek, Lansner Kubitschek Schaffer, New York, N.Y. (Irwin M. Portnoy, Irwin M. Portnoy and Associates, P.C., New Windsor, N.Y., *on the brief*)

_____

    [1]  Michael J. Astrue, is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Appearing for Appellee: Christopher J. Brackett, Special Assistant U.S. Attorney, (Richard S. Hartunian, United States Attorney for the Northern District of New York, Stephen P. Conte, Regional Chief Counsel - Region II, Office of the General Counsel, Social Security Administration, New York, N.Y., *on the brief*).

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED**, and we remand for further proceedings consistent with this order.

Thompson appeals from the February 9, 2010 memorandum-decision and order of the United States District Court for the Northern District of New York (Sharpe, *J.*) affirming the May 9, 2006 decision of the Commissioner for Social Security denying Michael Thompson's claim for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Thompson alleges he became disabled on September 29, 1997 as the result of a car accident that left him with two broken legs. While finding that Thompson suffered from chronic heart failure, a variety of mental impairments and lingering orthopedic troubles, the Administrative Law Judge determined Thompson could perform light work and denied him disability benefits. We find that the ALJ committed error by failing to consider the combined effect of Thompson's impairments in determining his disability claim. Where, as here, the claimant has more than one impairment, the ALJ must account for the combined effect of all impairments on a claimant's ability to work, regardless of whether each impairment is severe. *Dixon v. Shalala*, 54 F.3d 1019, 1031 (2d Cir. 1995). The ALJ must "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. Here, the ALJ examined Thompson's mental and physical impairments separately, and failed to evaluate all of the impairments together. This was erroneous as a matter of law.

Accordingly, the judgment of the district court hereby is VACATED and REMANDED for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk